# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL ED ERIKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF OKLAHOMA, and )<br>WOODS COUNTY, OKLAHOMA, )<br>)<br>Defendant. ) | Case No. CIV-13-858-R |

## ORDER

In response to a Court order entered on January 16, 2015, Plaintiff requested that the Court lift the stay imposed in this case on October 2, 2013. (Doc. No. 17). The Court hereby grants Plaintiff's request and the stay is hereby lifted. Plaintiff's Motion Informing the Court of Misunderstanding of Presented Evidence (Doc. No. 14) is denied as moot, as it related to the motion to stay, which was granted, and which stay has by this order been lifted. The Court next considers Plaintiff's Motion Requesting the Court Issue an Order of Default Against Defendant State of Oklahoma. (Doc. No. 15). The Process Receipt and Return filed on August 19, 2013 indicates that Plaintiff, via the United States Marshal Service, served "the State of Oklahoma c/o State of Okla. General Counsel's Office" via certified mail. Doc. No. 6. Pursuant to Rule 4(j) service upon a state government requires delivery of a copy of the summons and complaint to the state's chief executive officer, in this case the governor, by effecting service under state law. *See* Okla. Const. Art. 6, § 2. Okla. Stat. tit .12 § 2004 provides for service on the state "by delivering a copy of the summons and of the petition to

the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the [state]." Under Oklahoma law, a court-appointed process server is permitted to serve the state, by, among other methods, "mailing a copy of the summons and [initiating pleading] by certified mail, return receipt requested and delivery restricted to the addressee." See Okla. Stat. tit. 12, § 2004(C)(2)(b). There is no indication that Plaintiff attempted service with return receipt and delivery restricted, and indeed, there is no return receipt filed with the Court. Furthermore, it does not appear that Plaintiff has served the appropriate person under either federal law or Oklahoma law, and therefore, his motion for entry of default is hereby DENIED. *See Martin v. Oklahoma*, 2006 WL 3324917, *2 (E.D.Okla. 2006)(dismissing complaint where plaintiff attempted service on the attorney general rather than the governor). Plaintiff shall complete service on the State of Oklahoma not later than March 24, 2015.

IT IS SO ORDERED this 20th day of February, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE