# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL ED ERIKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-858-R |
| | ) |
| STATE OF OKLAHOMA, and | ) |
| WOODS COUNTY, OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant State of Oklahoma has filed a Motion to Dismiss (Doc. No. 23), to which Plaintiff has filed a response. In his response to the motion Plaintiff alternatively requests leave to amend his complaint and a stay of this action for sixty days to permit him to secure counsel. The Court has reviewed the parties' submissions, giving liberal construction to Plaintiff's *pro se* submissions, and for the reasons set forth herein, the motion to dismiss is GRANTED and Plaintiff's Motion to Amend is hereby DENIED.

Plaintiff filed this action on August 12, 2013, alleging claims against Woods County and the State of Oklahoma. He asserted that he was illegally detained by three agents of the Oklahoma Bureau of Narcotics on August 15, 2010, in Alva, Oklahoma. He alleged he was illegally questioned by the agents and subjected to an unlawful search. Thereafter Plaintiff apparently made complaints to the Chief of the Bureau, Bob Cook, who was to investigate the incident. Plaintiff complains he has not received any information from Mr. Cook and that the Bureau of Narcotics will not return his telephone inquiries. He also complained to the

Federal Bureau of Investigation and the United States Department of Justice, but neither fully investigated his allegations.

Thereafter Plaintiff alleges that on April 11, 2013 he was unlawfully arrested and detained by Woods County. This case was stayed pending the outcome of criminal proceedings against the Plaintiff, which were dismissed. Plaintiff's claims against Woods County are not relevant to the outcome of the instant motion and thus will not be summarized herein, but related to his alleged unlawful arrest and detention. Plaintiff also makes allegations of cattle theft, contending, as relevant to the State, that he contacted the Oklahoma Attorney General's office on April 4, 2013 to file a complaint against the County, the District Attorney and the cattle thief.

Plaintiff is not specific in his complaint regarding which claims he intends to pursue against which Defendant, and thus the Court will consider the claims as having been pled against both Defendants. Plaintiff alleges claims of defamation of character, infliction of mental and emotional anguish, fraud/deceit, false arrest, illegal search and false imprisonment. The State seeks dismissal premised on its sovereign immunity, including immunity under the Eleventh Amendment. It is this immunity that makes any attempt by Plaintiff to amend his claims against the State futile and dismissal appropriate.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has held that the Eleventh Amendment applies to suits against a

State by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). There are exceptions to Eleventh Amendment immunity: (1) Congress may abrogate a State's Eleventh Amendment immunity in the exercise of its power to enforce the Fourteenth Amendment and (2) a State may waive its Eleventh Amendment immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). It is well established that 42 U.S.C. § 1983 did not waive sovereign immunity, and therefore, Plaintiff's fourth cause of action cannot proceed against the State in this forum. The Eleventh Amendment applies even to state law claims sought to be brought in federal court under pendent jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120–21, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (pendent jurisdiction over state law claims does not override the Eleventh Amendment).

Because Plaintiff's claims against the State cannot proceed regardless of any changes he would make to his complaint, the Court hereby DENIES his request for a stay and for leave to amend. Defendant State of Oklahoma is immune from this lawsuit, and accordingly, the motion to dismiss is hereby GRANTED.

IT IS SO ORDERED this 29th day of April, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE